**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LARRY MARTIN,

       Petitioner,

                                                                             Civil No. 04-73878

v.                                                                        Criminal No. 95-81165

UNITED STATES OF AMERICA,        Hon. Gerald E. Rosen
                                                           Magistrate Judge Steven D. Pepe

       Respondent.
_____/

**OPINION AND ORDER ADOPTING
<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on   <u>March 27, 2008</u>

PRESENT:  Honorable Gerald E. Rosen
                    United States District Judge

On May 17, 2007, Magistrate Judge Steven D. Pepe issued an amended Report and Recommendation ("R & R") recommending that the Court deny Petitioner Larry Martin's motion under 28 U.S.C. § 2255 to vacate his sentence. Petitioner filed objections to the R & R on June 1, 2007, as well as amended objections on June 19, 2007. These objections consist largely of a generalized critique of the Magistrate Judge's analysis and complaints that the Magistrate Judge misconstrued Petitioner's claims. Having reviewed the R & R and Petitioner's objections, however, as well as the parties' submissions in support of and opposition to Petitioner's underlying § 2255 motion, the accompanying exhibits, and the record as a whole, the Court fully concurs in the Magistrate Judge's analysis, and finds no

merit in Petitioner's objections. Thus, for the reasons stated briefly below, the Court adopts the Magistrate Judge's R & R as the opinion of this Court.

Petitioner first objects that the Magistrate Judge erred in finding no evidence that Petitioner's trial counsel was acting under an actual conflict of interest at the sentencing hearing. Yet, apart from his own "perce[ption]" that his counsel "act[ed] with deliberate negligence" at the sentencing hearing, and apart from his utterly unsupported allegations that his counsel "collaborated" with counsel for the Government to undermine his credibility at this hearing, Petitioner has failed to point to any evidence that might support his claim of an actual conflict of interest. Having independently reviewed the transcript of the sentencing hearing, the Court concurs in the Magistrate Judge's resolution of this issue.[1]

Petitioner next objects that the Magistrate Judge improperly construed one of his claims as resting upon the decision in Apprendi v. New Jersey, 530 U.S. 446 (2000), when in fact this claim instead relies on the Supreme Court's earlier decision in Jones v. United States, 526 U.S. 227 (1999). Yet, this objection ignores the portion of the R & R

---

[1]To the extent that Petitioner seeks to support his claim of an actual conflict of interest by pointing to this Court's order after sentencing allowing Petitioner's trial counsel to withdraw from the case, the Court notes that this order was entered only ***after*** Petitioner had filed an appeal from his conviction and sentence. It was clear at that point, of course, that Petitioner planned to raise his trial counsel's performance as a basis for challenging his conviction and sentence. In recognition of this, Petitioner's trial counsel properly sought to withdraw from further representation of Petitioner, and the Court granted this request. Matters were far different, however, at the sentencing hearing, where the Court only briefly touched upon Petitioner's claims in an affidavit about alleged deficiencies in his trial counsel's performance, and where the Court was not called upon in that proceeding to decide the sort of ineffective assistance challenge that Petitioner has raised in his present § 2255 motion.

explaining that a failure to raise an "*Apprendi*-type" challenge in the wake of Jones, but prior to the decision in Apprendi itself, does not constitute ineffective assistance of counsel. (See R & R at 11.) In any event, even if Petitioner's trial counsel *had* predicted that the ruling in Apprendi would follow in the wake of Jones, the R & R correctly points out that such prescience would not have altered Petitioner's sentence in any way, (see id. at 11-12), because this Court would have overruled any such objection under the law as it existed at sentencing, and the Sixth Circuit would have affirmed Petitioner's sentence — precisely as it in fact did — notwithstanding the intervening decision in Apprendi.

Next, Petitioner objects that the Magistrate Judge has misconstrued yet another of his claims, regarding his trial counsel's alleged failure to call certain witnesses or present certain documentary evidence at trial. Petitioner contends that the Magistrate Judge viewed this claim as a challenge to his drug conviction, when in fact he means to call into question his money laundering convictions. Yet, as explained in the R & R, the witness testimony proffered by Petitioner would establish, at most, his involvement in legitimate business enterprises during the relevant period, without in any way indicating what sort of income he might have derived from this involvement. Nor does Petitioner's documentary evidence contribute much on this point, beyond a copy of a single check for $25,000 that Petitioner received in 1989.[2] Against this, the R & R correctly cites the "weeks of

---

[2] Petitioner takes issue with the statement in the R & R that he "apparently never filed any income tax returns reporting legitimate income," (R & R at 16-17), arguing that this suggests the Magistrate Judge's failure to review his reply brief in support of his § 2255 motion and the exhibits that accompanied this submission. Yet, even accepting the evidentiary value of Petitioner's proffered "summary" of the tax returns filed by him and his wife, this summary

testimony and evidence produced by the government at trial," (R & R at 16), including the testimony that Petitioner's drug enterprise was making over $20,000 in sales on a daily basis from a single location, the evidence of sizable expenditures on behalf of this enterprise, and the evidence of seizures of large amounts of money from locations linked to Petitioner and his drug enterprise. Under this record, the Court readily concurs in the Magistrate Judge's conclusion that the additional witnesses and evidence identified by Petitioner do not establish a reasonable probability of a different outcome at trial.

Turning next to Petitioner's claim that his counsel failed to ensure that the dictates of Fed. R. Crim. P. 32(c)[3] were followed at sentencing, Petitioner's objection to the R & R's recommended disposition of this claim merely rehashes the arguments previously advanced by Petitioner and addressed in the R & R itself. As explained by the Magistrate Judge, the Court ruled on the disputed portions of the presentence report at sentencing as required under Rule 32, and Petitioner has failed, in any event, to identify any prejudice he suffered as a result of any deviation from the Rule.

Similarly, with regard to Petitioner's challenges to the performance of his appellate counsel, his objections to the R & R simply rehash his prior arguments, augmented by

---

confirms that Petitioner filed no such returns for the 1991-1995 tax years. Moreover, the corporate returns filed on behalf of Alkebulan Arts, Inc. for tax years 1991-1994 are signed only by Petitioner's wife, give no hint of any income that Petitioner might have derived from this business, and show that the business declared net losses in three of these four years. These tax materials, then, can hardly be said to lend support to Petitioner's claim of legitimate income.

[3]This Rule has since been extensively revised, and the provision bearing upon Petitioner's challenge is now found at subdivision (i)(3)(B) of the Rule.

4

semantic quibbles about the Magistrate Judge's choice of words.[4] Having reviewed Petitioner's submissions and the R & R, the Court finds no basis for disturbing the Magistrate Judge's recommended disposition of this claim.

Petitioner next takes issue with the Magistrate Judge's determination that his sentence for his money laundering offenses fell within a properly computed Sentencing Guidelines range, as well as below the relevant statutory maximum for these offenses. Much as Petitioner might disagree with how the Sentencing Guidelines operated under the circumstances of his case, he has not identified any error in the Magistrate Judge's analysis on this point.

Finally, Petitioner objects to the Magistrate Judge's proposed disposition of his challenge to his drug conspiracy conviction in light of the Supreme Court's recent ruling in Gonzalez v. O Centro Espirita Beneficente Uniao Do Vegetal, 546 U.S. 418, 126 S. Ct. 1211 (2006). Specifically, Petitioner argues that the Magistrate Judge erred in concluding that his counsel sufficiently safeguarded the rights afforded to him under the First Amendment and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.,* by requesting and obtaining a jury instruction stating that Petitioner could not be

---

[4]For example, Petitioner seizes upon the statement in the R & R that the Court determined at sentencing that Petitioner was likely "responsible for up to ten times the [drug] amount with which he was being charged." (R & R at 23.) Petitioner suggests that this reveals an error in the Magistrate Judge's analysis, where the indictment (in accordance with the practice at the time) did not specify a quantity of marijuana involved in the charged drug conspiracy offense. It is clear from the surrounding context, however, that the R & R refers not to the indictment, but rather to the presentence report's recommendation as to the amount of drugs for which Petitioner should be ***charged with responsibility*** in determining his sentence.

5

found guilty if his "only connection to the crimes charged in this case was to obtain marijuana solely for his personal use in religious practices." In Petitioner's view, this religious use defense should not have been submitted to the jury, but should have led to a judgment of acquittal because of the Government's failure to meet its purported burden of demonstrating a "compelling governmental interest," 42 U.S.C. § 2000bb-1(b)(1), that could overcome the burden upon Petitioner's exercise of his religion.

If Petitioner and his counsel had sought such a judgment of acquittal at trial, however, the Court surely would have refused to grant it. Among the several problems with Petitioner's appeal to RFRA, he utterly overlooks the statutory language stating that the Government must demonstrate a "compelling interest" ***only if*** it has "substantially burden[ed] a person's exercise of religion." 42 U.S.C. § 2000bb-1(a); see also Gonzalez, 546 U.S. at 428, 126 S. Ct. at 1219 (noting that a substantial burden must be shown as part of a "prima facie case under RFRA"); United States v. Winddancer, 435 F. Supp.2d 687, 694 (M.D. Tenn. 2006) ("The defendant bears the initial burden of demonstrating that the regulations at issue substantially burden a sincere religious belief."). Needless to say, Petitioner has not explained how his exercise of his religion was substantially burdened by the regulation at issue here — namely, the Controlled Substances Act prohibition against conspiring to possess with the intent to distribute and to distribute marijuana. Neither has he pointed to any evidence, whether in the trial record or elsewhere, that could suffice to establish a prima facie case under RFRA, such that the Government would then be obligated to demonstrate a compelling interest. Finally, and

as the R & R correctly observes, there is no case law authority whatsoever — and Petitioner has not identified any — for the proposition that the federal criminal prohibitions against distribution or possession with the intent to distribute marijuana substantially burden the exercise of the Rastafari religion. Thus, Petitioner was not prejudiced by his counsel's failure to seek a judgment of acquittal on this ground.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's May 17, 2007 Amended Report and Recommendation is ADOPTED as the opinion of this Court, as supplemented by the rulings in this Opinion and Order. IT IS FURTHER ORDERED that, for the reasons stated in the Magistrate Judge's R & R and the additional reasons set forth above, Petitioner's October 1, 2004 motion to vacate, set

aside, or correct his sentence is DENIED. Finally, in light of the very clear and well-settled grounds upon which the Court has reached this result, IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to any appeal that Petitioner might pursue from this ruling.

s/Gerald E. Rosen  
Gerald E. Rosen  
United States District Judge

Dated: March 27, 2008

I hereby certify that a copy of the foregoing document was served upon Larry Martin and counsel of record on March 27, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager